IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN FRANK CASRELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:25-CV-660-KFP |
| | ) |
| BAY VAN TANG, et al., | ) |
| | ) |
| Defendants. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Defendant Bay Van Tang removed this case from Circuit Court in Montgomery, AL, to this Court on August 21, 2025. Doc. 1. On September 26, 2025, the Clerk of Court issued a summons regarding Defendant Quintarrius Raquan McFolley. Doc. 9. When Plaintiff failed to properly serve McFolley by November 17, 2025, the Court ordered Plaintiff to show cause, by December 1, 2025, why McFolley should not be dismissed for failure to prosecute. Doc. 16. In a November 24, 2025 filing titled, "Plaintiff's Objection to Removal," Plaintiff merely stated that McFolley is a non-diverse *resident* of Alabama and asserted that this defeats removal jurisdiction. Doc. 17 at 1. Plaintiff did not respond to the Court's show cause order by explaining why McFolley has still not been served, and/or asking for an extension.

Accordingly, the Court scheduled a telephone hearing on December 11, 2025, with Plaintiff and the served Defendant, to clarify why Plaintiff failed to make any attempts to serve McFolley. *See* Doc. 22. During the call, Plaintiff objected to this Court's jurisdiction on diversity grounds, stating that McFolley was a non-diverse Defendant that Plaintiff

intended to maintain as a party to the case. Plaintiff explained that he had made at least four separate attempts to serve McFolley, which were all unsuccessful. Plaintiff also explained that he intended to serve a second Defendant, who was named in the state court complaint. The Court explained to Plaintiff that the Federal Rules of Civil Procedure require plaintiffs to serve defendants within 90 days. Fed. R. Civ. P. 4(m). Plaintiff indicated he would file a motion by December 18, 2025, requesting more time to serve McFolley (and any other unserved Defendants). To date, Plaintiff has not filed any such motion.

Federal Rule of Civil Procedure 4(m) provides: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Here, Plaintiff has had ample time to serve McFolley, or to ask for an extension to do so. The Court made that clear in its prior order (Doc. 16), and at the telephone hearing (Doc. 22). Plaintiff has failed to follow the Federal Rules and this Court's instructions.

Therefore, the undersigned RECOMMENDS Defendant Quintarrius Raquan McFolley be DISMISSED by operation of Rule 4(m).

Further, it is ORDERED that on or before **January 12, 2026**, the parties may file objections to the Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The

parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *See* 11th Cir. R. 3-1.

DONE this 22nd day of December, 2025.

_____
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE