IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN FRANK CASRELL, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 2:25-CV-660-ECM-KFP |
| BAY VAN TANG, et al., | ) |
| Defendants. | ) |

**ORDER**

Before the Court are Plaintiff John Frank Casrell's Motion for Additional Time and to Serve by Publication. Doc. 28. Upon consideration of the Motion (Doc. 28) it is ORDERED that the Motion is granted in part and denied in part, as set forth below.

**I.     BACKGROUND**

Defendant Bay Van Tang removed this case from Montgomery County Circuit Court to this Court on August 21, 2025. Doc. 1. On September 26, 2025, the Clerk of Court issued a summons regarding Defendant Quintarrius Raquan McFolley. Doc. 9. When Plaintiff failed to properly serve McFolley by November 17, 2025, the Court ordered Plaintiff to show cause, by December 1, 2025, why McFolley should not be dismissed for failure to prosecute. Doc. 16. In a November 24, 2025 filing titled, "Plaintiff's Objection to Removal," Plaintiff merely stated that McFolley is a non-diverse *resident* of Alabama and asserted that this defeats removal jurisdiction. Doc. 17 at 1. Plaintiff did not respond to the Court's show cause order by explaining why McFolley had still not been served.

Accordingly, the Court scheduled a telephone hearing on December 11, 2025, with Plaintiff and the served Defendant, to clarify why Plaintiff failed to make any attempts to serve McFolley. *See* Doc. 22. During the call, Plaintiff objected to this Court's jurisdiction on diversity grounds, stating that McFolley was a non-diverse Defendant that Plaintiff intended to maintain as a party to the case. Plaintiff explained that he had made at least four separate attempts to serve McFolley, which were all unsuccessful. Plaintiff also explained that he intended to serve a second Defendant, who was named in the state court complaint. The Court explained to Plaintiff that the Federal Rules of Civil Procedure require plaintiffs to serve defendants within 90 days. Fed. R. Civ. P. 4(m). Plaintiff indicated he would file a motion by December 18, 2025, requesting more time to serve McFolley (and any other unserved Defendants). By December 22, 2025, Plaintiff had not filed any such motion. Therefore, the undersigned entered a Recommendation that unserved Defendant McFolley be dismissed by operation of Rule 4(m). Doc. 23.

Subsequently, Plaintiff objected to the Recommendation, stating that McFolley is a necessary party to this action, and that Plaintiff has made several unsuccessful attempts at serving him. Doc. 27. In this Motion, Plaintiff alleges that McFolley "is avoiding service by moving and changing addresses frequently." Doc. 28. Accordingly, Plaintiff requests additional time to serve McFolley, and to do so by publication. *Id.*

## II.   LEGAL STANDARD

The Federal Rules of Civil Procedure generally permit service using methods allowed by the state where the federal court sits. Fed. R. Civ. P. 4(e)(1); *Am. Indoor Football Ass'n, Inc. v. Lockwood*, 267 F.R.D. 663, 666 (M.D. Ala. 2010). In Alabama (the

forum state here), "service by publication may be available . . . in suits where the defendant avoids service of process." *Beasley v. United States*, 162 F.R.D. 700, 701 (M.D. Ala. 1995) (citing Ala. R. Civ. P. 4.3(a)(2)).

Pursuant to Alabama Rule of Civil Procedure 4.3(c), "the court may, on motion, order service to be made by publication" when

> a defendant avoids service and that defendant's present location or residence is unknown and the process server has endorsed the fact of failure of service and the reason therefor on the process and returned it to the clerk or where the return receipt shows a failure of service[.]

Ala. R. Civ. P. 4.3(c). Therefore, "to justify an order authorizing service by publication," the plaintiff must show: "(1) that the . . . defendant has avoided service; (2) that the present location or residence of the . . . defendant is unknown; and (3) that the process server has failed to serve the . . . defendant." *Lockwood*, 267 F.R.D. at 666 (quoting *Beasley*, 162 F.R.D. at 701). Critically, "service by publication is permitted where a . . . defendant has avoided service *and* cannot be located." *Thomas v. Morgan*, 1 F. Supp. 2d 1424, 1425 (M.D. Ala. 1998) (emphasis added). "Failure to exercise due diligence in perfecting personal service of process precludes notice by publication." *Shaddix v. Shaddix*, 603 So. 2d 1096, 1098 (Ala. Civ. App. 1992).

"A plaintiff seeking a court order authorizing service by publication must submit an affidavit in support of a motion for service by publication which avers facts showing avoidance." *Beasley*, 162 F.R.D. at 701 (citing Ala. R. Civ. P. 4.3(d)(1)). The plaintiff's affidavit must go beyond mere conclusory statements that the defendant avoided service.

3

*Id.* at 702; *Vaughn v. O'Neal*, 736 So. 2d 635, 638 (Ala. Civ. App. 1999). Instead, the affidavit must provide "specific facts of avoidance." *See* Ala. R. Civ. P. 4.3(c).

"[T]he fact that serving a defendant has proven to be a difficult and onerous task does not equate with a finding that a defendant is avoiding service." *Bedgood v. Garcia*, 2009 WL 1664131, at *4 (M.D. Ala. June 15, 2009) (citing *Fisher v. Amaraneni*, 565 So. 2d 84, 87 (Ala. 1990)). Indeed, "under Alabama law a plaintiff's inability to ascertain the current location/residence of a defendant and a process server's failed attempts to effectuate service are insufficient to demonstrate that a defendant 'is responsible for this failure of service because he is hiding from or avoiding it.'" *Id.* (citing *Beasley*, 162 F.R.D. at 702); *see also Bedgood*, 2009 WL 1664131, at *3–4 (refusing to accept "the process server's return of 'Not Found'" as more than a conclusory statement, when unsupported by specific facts). Accordingly, the Court cannot permit service by publication without a showing that the defendant is indeed responsible for avoiding service, going beyond the plaintiff's mere inability to serve the defendant. *Volcano Enters., Inc. v. Rush*, 155 So. 3d 213, 219 (Ala. 2014).

### III. DISCUSSION

Plaintiff's Motion contains no affidavit supporting the assertions therein. Doc. 28. Plaintiff states that he has unsuccessfully attempted to serve McFolley at multiple addresses via Sheriff and process server. However, that alone is not enough to meet his burden under Rule 4.3(d)(1). *See Bedgood*, 2009 WL 1664131 at *3–4 (finding plaintiff failed to establish defendant avoided service, even though plaintiff had made attempts

4

"through at least nine different sources"). Plaintiff has not alleged "specific facts of avoidance," as required by the Rules. Ala. R. Civ. P. 4.3(c).

To the extent the Court can look to the Motion itself for those facts showing avoidance, the Court notes that in the Motion, Plaintiff states, "McFolley[] is avoiding service by moving and changing addresses frequently." Doc. 28. However, without "specific facts of avoidance" to support this statement, the Court must find that Plaintiff's claim is conclusory and thus insufficient under Rule 4.3(d)(1). *Bedgood*, 2009 WL 1664131, at *3–4.

Here, Plaintiff has not met his burden in showing "defendant has avoided service *and* cannot be located." *Thomas*, 1 F. Supp. 2d at 1425. Plaintiff merely recites that he has tried and failed to affect personal service. *See* Doc. 28. The Court is not permitted by the Alabama Rules of Civil Procedure to use this information alone in finding that McFolley "is hiding from or avoiding" service. *Beasley*, 162 F.R.D. at 702.

While the record before the Court is insufficient to establish a need for service by publication, the Court will provide Plaintiff with additional time to perfect service against McFolley.

### IV.    CONCLUSION

Accordingly, it is ORDERED:

1. The Recommendation dismissing McFolley (Doc. 23) is WITHDRAWN;
2. Plaintiff's Motion (Doc. 28) is GRANTED to the extent that Plaintiff must perfect service on Defendant Quintarrius Raquan McFolley by February 26, 2026; and

5

3. Plaintiff's Motion (Doc. 28) is DENIED to the extent that his request for service by publication is denied.

DONE this 12th day of January, 2026.

_____
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE