IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHN FRANK CASRELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL CASE NO. 2:25-cv-660-ECM |
| | ) | [WO] |
| BAY VAN TANG, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

On August 21, 2025, Defendant Bay Van Tang ("Tang") removed this case. (*See* doc. 1; doc. 1-7). In his notice of removal, Tang asserted diversity of *residency* rather than *citizenship*.[1] (Doc. 1 at 1–2). However, allegations of diverse residency are insufficient to establish diversity jurisdiction. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

Then, on January 2, 2026, Tang filed a notice of settlement. (Doc. 26). To date, no other defendant has been served or appeared. Consequently, on January 27, 2026, the Court held a status conference wherein the parties "discuss[ed] whether th[e] Court has subject matter jurisdiction, the adequacy of the allegations of diversity in the notice of removal . . . , and whether remand is appropriate." (Doc. 30 at 1). During the status conference, neither the Plaintiff nor Tang asserted that the Court had jurisdiction to proceed with the case. Tang also did not request leave to amend the notice of removal. Further, both parties acknowledged that remand is appropriate.

---

[1] The complaint also does not address diversity of citizenship. (*See generally* doc. 1-4).

For the Court to take dispositive action in a case (i.e., dismissing the claims against Tang), it must ensure subject matter jurisdiction exists. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). Moreover, regardless of the parties' post-removal arrangements, "[s]ubject-matter jurisdiction can never be waived or forfeited." *Id.*

When analyzing diversity jurisdiction, the Court must examine the citizenship of the parties at the time the action was filed and at the time of removal. *Stevens v. Nichols*, 130 U.S. 230, 231–32 (1889) (citations omitted); *see also* 14C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3723 & nn.16–17 (4th ed. updated Sep. 2025) (collecting cases). "For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted). "[D]omicile is established by physical presence in a place in connection [(residency)] with a certain state of mind concerning one's intent to remain there." *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989); *see also Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013). Moreover, "[c]itizenship, not residence, is the key fact that must be alleged . . . to establish diversity." *Taylor*, 30 F.3d at 1367.

However, for notices of removal, the failure to properly establish diversity is considered a procedural—not jurisdictional—defect that courts must afford removing defendants the opportunity to cure. *See Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296–97 (11th Cir. 2009).

Here, the notice of removal alleges diverse residency on the part of the Plaintiff and the Defendants—not diverse *citizenship*. Accordingly, the notice is procedurally

inadequate. *Id.* The Court notified Tang of his opportunity to amend the notice to properly indicate diversity. Tang indicated at the status conference that he would not amend. Additionally, the record does not otherwise indicate diversity jurisdiction exists. *Cf.* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue."). Therefore, the case is due to be REMANDED on both procedural and jurisdictional grounds.

Accordingly, and for good cause, it is

ORDERED as follows:

1. All pending motions are DENIED as moot, and all deadlines are terminated.

2. The case is REMANDED to the Circuit Court of Montgomery County, Alabama.

DONE this 28th day of January, 2026.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE